IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK PRATER, )
                               )    Civil No. 03-372-JO
      Petitioner, )
                               )
   v. )
                               )
ROBERT LAMPERT, )
                               )    OPINION AND ORDER
      Respondent. )

     Barbara L. Creel
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

        Attorney for Petitioner

     Hardy Myers
     Attorney General
     Lester R. Huntsinger
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

        Attorneys for Respondent

JONES, District Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner alleges the decision of the Oregon Board of Parole and Post-Prison Supervision to deny his parole violates his rights to due process and to be free from *ex post facto* punishment. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (Attachment to #39) is DENIED.

## BACKGROUND

In January 1991, petitioner was convicted of Sodomy in the First Degree, two counts of Sodomy in the Second Degree and Sexual Abuse in the First Degree. The trial judge sentenced petitioner to concurrent sentences of 20 years for Sodomy in the First Degree, 10 years for each of the Sodomy in the Second Degree counts, and 5 years for Sexual Abuse. Respondent's Exhibit 101. The Oregon Board of Parole and Post-Prison Supervision ("Board") set a release date in December 1993 and petitioner was paroled on schedule. Respondent's Exhibits 109 & 110.

Approximately five months later, finding that petitioner had engaged in new criminal activity, the Board revoked his parole and issued a 90-day sanction. Respondent's Exhibit 111, p. 2. The Board revoked petitioner's parole a second time in June 1999 and scheduled a future disposition hearing for September 2, 1999. Respondent's Exhibit 112, pp. 1-3. At the hearing, the Board

2 - OPINION AND ORDER

denied re-release citing aggravating factors and finding that petitioner "cannot be adequately controlled in the community." The Board imposed a 79 month sanction resulting in a release date of December 23, 2005. Respondent's Exhibit 113, p. 2.

Petitioner submitted a Request for Administrative Review of the Board's decision. In its response to petitioner's request, the Board denied relief and advised him that its decision was not subject to judicial appeal pursuant to ORS 144.335. Respondent's Exhibit 113, Attachment 2, pp. 1-2. Petitioner did not appeal this Board decision.

However, on May 8, 2000 petitioner filed a Petition for Writ of Habeas Corpus in Malheur County Circuit Court. Respondent's Exhibit 102. In his Replication, petitioner claimed: (1) that the Board's imposition of a 79-month sanction for a parole violation and increase of his maximum sentence date was inconsistent with the legislative intent of applicable statutes and a violation of *ex post facto* laws; (2) that the Board made an unlawful determination of petitioner's initial prison term; and (3) that petitioner received an inadequate disposition hearing and that the Board made no suitable findings or determinations supporting its decision to defer petitioner's re-release for 79 months. Respondent's Exhibit 104, pp. 2-6.

Respondent filed a Motion to Dismiss, and following a hearing on October 17, 2000, the circuit court granted respondent's motion

3 - OPINION AND ORDER

and dismissed petitioner's habeas case. Respondent's Exhibit 135. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Prater v. Lampert, 182 Or.App. 675, 52 P.3d 448, rev. denied, 335 Or. 104, 59 P.3d 1279 (2002).

On March 24, 2003, Petitioner filed this action. In his Amended Petition for Writ of Habeas Corpus, Petitioner alleges two grounds for relief:

1.  The Oregon Parole Board violated the *Ex Post Facto* Clause of the United States Constitution when it denied parole based on harsher standards resulting from legislation and rules enacted after the offense of conviction.

    By way of supporting facts, the record establishes that Mr. Prater's offenses of conviction occurred in 1989 and 1990. The Board relied on later enacted rules in order to impose a sanction that was greater than the maximum allowable at the time of the offenses. The retrospective application of harsher rules disadvantaged Mr. Prater and violated the constitutional prohibition on *ex post facto* punishment. Under the rules in effect at the time of the offenses, the Board was limited to a maximum allowable sanction of eight to twelve months.

2.  The Parole Board violated Mr. Prater's due process rights when it revoked parole and extended his release date without lawful authority.

    By way of supporting facts, the record establishes that Mr. Prater had a liberty interest in the state adhering to specific Oregon parole laws and regulations for determining his release. The Board's sanction and extension of his sentence did not comply with the applicable laws. Consequently, the Board's failure to adhere to the laws and regulations violated Mr. Prater's right to the due process of law.

Respondent argues petitioner is not entitled to relief because: (1) petitioner's grounds for relief are procedurally

4 - OPINION AND ORDER

defaulted, and the default is not excused; (2) the Oregon state court decisions are entitled to deference; and (3) all claims lack merit.

## DISCUSSION

### I. Exhaustion and Procedural Default.

#### A. Standards.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or

failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

**B. Analysis.**

In his first ground for relief, petitioner alleges that the Board violated the *Ex Post Facto* Clause of the United States Constitution when it denied parole based on harsher standards resulting from legislation and rules enacted after the offense of conviction. While petitioner did raise this *ex post facto* claim in his Replication, he acknowledges that he failed to raise it on appeal. Memo in Support (#40), p. 8.

In his second ground for relief, petitioner alleges that the Board violated his right to due process when it unlawfully revoked his parole and extended his release date. While not explicitly framed as a due process violation, arguably petitioner raised this claim in his Replication when he alleged that the Board failed to provide him with a fair hearing or to make sufficient findings to support its decision to defer petitioner's release. Nevertheless,

petitioner did not present this issue to the Oregon appellate courts for consideration either.

Indeed, the sole issue petitioner presented to the appellate courts was whether the trial court erred in granting respondent's motion to dismiss based on Kessler v. Board of Parole and Post-Prison Supervision, 145 Or.App. 584, 931 P.2d 801 (1997). Respondent's Exhibit 136, p. 1.[1]  In Kessler, the Oregon Court of Appeals determined that in some circumstances, the Board has authority to order a parole violator to serve more than six months in prison even if such parole revocation sanction would differ from the comparable sanction for a post-prison supervision ("PPS") violation.[2]  Id at 589-90.  The habeas trial court found that Kessler settled the issue raised by petitioner as to whether the Board lacked authority to extend his release date beyond the maximum allowable PPS sanction (presumably 180 days).  It held that pursuant to Kessler, the Board's finding of aggravation under the

---

[1]  The court notes that in his Supplemental Appellant's Brief, petitioner did challenge the circuit court's order directing petitioner to reimburse the state for his court appointed attorney fees. Respondent's Exhibit 138, p. 1. However, such challenge is not at issue in this habeas case.

[2]  Petitioner maintained in his Response to Defendant's Motion to Dismiss and Trial Memorandum that the Board's decision extending his release date 79 months ran afoul of ORS 144.346(2) "requiring the Board, to the extent permissible under the law, to apply parole revocation sanctions consistent with the sanctions imposed under post prison supervision for violators subject to the guidelines." Respondent's Exhibit 118, pp. 5-6. Pursuant to OAR 255-75-079(2)(b), an offender on post-prison supervision could be sanctioned up to 180 days further incarceration for violations returning him to prison. See Kessler, 145 Or.App. at 586.

7 - OPINION AND ORDER

applicable statute in petitioner's case provided a sufficient basis for imposing a longer sanction than that authorized for a PPS violation. Respondent's Exhibit 134, p. 12.

On appeal, petitioner argued that Kessler's holding is limited to cases involving *criminal* parole violations, whereas petitioner's 1999 violations were technical in nature. Respondent's Exhibit 136, pp. 3-4. However, petitioner failed to offer supporting authority or any other reasons why the criminal/technical distinction should negate the trial court's reliance on Kessler. In contrast, respondent argued on appeal, and apparently the Oregon Court of Appeals agreed, that Kessler's reach extends to cases involving non-criminal parole violations because ORS 144.343(2)(b), the statute examined in Kessler and held to trigger a valid departure from the maximum PPS violation sanction, references a neutral "parole violator." Respondent's Exhibit 137, p. 7.

In any event, the court finds that petitioner, represented by counsel on appeal, made the strategic choice not to present his *ex post facto* and due process claims, and instead relied on the narrow argument discussed above that the trial judge improperly relied on Kessler when it granted respondent's Motion to Dismiss.

Notwithstanding petitioner's earlier concession, he argues in his Sur-reply that his federal constitutional claims are *not* procedurally defaulted because he did not fail to comply with any

8 - OPINION AND ORDER

state procedural rules and no Oregon court reached the merits of these claims. Petitioner contends that since the Board's September 1999 decision was not subject to judicial appeal, he properly raised his claims in a state habeas petition and thus has "complied with the state procedural rule governing review of parole orders. . . ." Surreply (#52), p. 3.

Petitioner's argument fails for several reasons. First, petitioner expressly agrees that the state made available an avenue of relief via a state habeas proceeding: "[t]he writ of habeas corpus [ ] was an available remedy." Sur-reply (#52), pp. 2-3 (citing Meadows v. Schiedler, 143 Or.App. 213, 216, 924 P.2d 314 (1996)). Petitioner availed himself of this remedy by presenting his claims to the state habeas trial court. In addition, the habeas trial court never held that a state habeas proceeding was an improper vehicle for petitioner's claims.

Next, the habeas trial court denied petitioner's claims on the merits. The trial court's findings of fact and conclusions of law clearly reflect its consideration of the merits of petitioner's claims, including his *ex post facto* and due process claims. With regard to petitioner's *ex post facto* claim, the habeas trial court found

> [t]he fact that --- that there's been a change in the Administrative Rules also is not a basis for relief. That does not constitute an ex post facto provision. The fact that there's been a change in and of itself does not constitute ex post facto violation. The Administrative Rule simply changed the procedure somewhat. It did not change any substantive issue and . . . if the old rule had been applied, the same result would have occurred.

9 - OPINION AND ORDER

Respondent's Exhibit 134, p. 13. The habeas trial court also specifically addressed petitioner's due process claim with regard to the adequacy of his hearing:

> The [ ] issue comes down to the adequacy of the hearing and the, number one, the Court is not going to make a . . . new review to determine whether it agreed. It was simply to determine whether or not Mr. Prater was afforded the opportunity at a hearing and a fair hearing. The --- I do note that he waived his right to a *Morrissey* hearing. Now, the fact that he may have believed that a ninety (90)day sanction was going to be recommended, does not negate that --- that waiver. The hearings officer did in fact recommend a ninety (90) day sanction. However, the parole board is not bound by that --- that recommendation. This was not his first time through the process. He had had his --- he'd been sanctioned for parole violations previously. He obviously knew the process. There's simply no way that he can claim that he was denied a fair hearing.

Id at 13-14. In view of the habeas trial court's findings above, petitioner's assertion that no Oregon court has reached the merits of his claims is unfounded.

Finally, after receiving the habeas trial court's ruling on respondent's motion to dismiss, petitioner did appeal to the Oregon Court of Appeals challenging the court's ruling on the Kessler issue. Petitioner would not have taken that step had he thought it futile to do so. Petitioner's claims are procedurally defaulted not because he neglected to raise his federal constitutional claims in his Replication, but rather because he did not pursue them on appeal. Petitioner was free to raise his *ex post facto* and due process claims on appeal, but chose instead to confine his appeal to the narrow issue as to whether Kessler applied to his case. As

a result, he never "fairly presented" the *ex post facto* and due process claims to the Oregon Supreme Court.

A claim that was not, and can no longer be, fairly presented in state court is procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). As the time for presenting his federal constitutional claims to the Oregon appellate courts passed long ago, they are procedurally defaulted.

Petitioner argues that he can demonstrate cause and prejudice to overcome any default. "[T]he existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488.

Petitioner first attempts to show "cause and prejudice" through his contention that "[i]t would have been futile to raise the *ex post facto* claim on appeal given the state of the law." Memo in Support (#40) at p. 9 (citing United States v. English, 42 F.3d 473, 479 (9th Cir. 1994). However, futility is no exception to procedural default. See Engle v. Isaac, 456 U.S. 107, 130 (1982)(requiring a criminal defendant to raise constitutional arguments in state court even if that court has previously rejected the same arguments.) Consequently, petitioner may not rely on the "futility doctrine" to excuse his default.

11 - OPINION AND ORDER

Petitioner next cites the lack of an adequate state remedy as "cause" for any default here. Memo in Support (#40), p. 9. Because the court finds that the State made available a state habeas remedy, it rejects petitioner's contention that his efforts to comply with state procedural rules were impeded by lack of an adequate state remedy. Accordingly, petitioner is unable to avail himself of the cause and prejudice exception to procedural default.

Finally, petitioner argues that the court should excuse any default because he is actually innocent of violating his parole. Memo in Support (#40) pp. 9 & 10.[3] "If a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial court was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." Schlup v. Delo, 513 U.S. 298, 316 (1995).

Accordingly, if petitioner submits "new evidence" that convinces the court that there is serious doubt as to whether petitioner actually violated his parole so as to undermine confidence in the Board's decision to revoke his parole and extend his release date, review of the merits of his *ex post facto* and due

---

[3] The court will not consider petitioner's *ex post facto* claim under 42 U.S.C. § 1983, as he requests in a footnote in his Memo in Support (#40), because petitioner has not filed a § 1983 action.

12 - OPINION AND ORDER

process claims would be justified despite his default. To satisfy this exception, petitioner must demonstrate that it is more likely than not that no reasonable board member would have voted to revoke his parole and extend the release date. Schlup, 513 U.S. at 327. The Ninth Circuit has held that a habeas petitioner satisfies Schlup's new evidence test with an offer of "newly presented" evidence (as opposed to "newly discovered" evidence) of actual innocence. Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003).

Petitioner references the following newly presented evidence in support of his claim of actual innocence: (1) an affidavit from Julie Gleason attesting to the fact that her minor daughter, Christina Gleason, was in school on May 11, 1999, the day petitioner was held to have had contact with her in violation of his parole; (2) school records indicating that school was in session on May 11, 1999 and that Christina was marked present; (3) records apparently indicating that petitioner paid for his sex offender treatment; and (4) claim that petitioner has evidence that his difficulty in progressing in his sex offender treatment program was due to his disability and inferior literacy. Memo in Support (#40) p. 10; Respondent's Exhibits 129-132.

Significantly, items 1-3 were admitted into evidence during the Motion to Dismiss hearing. Respondent's Exhibit 134, pp. index c & 5. Furthermore, in granting respondent's motion, the habeas judge stated:

13 - OPINION AND ORDER

> Well, I'm going to grant the motion to dismiss this case, Mr. Radar. **After viewing all of the documents**, I simply don't see that Mr. Prater has a basis for relief under a habeas corpus.
>
> * * *
>
> There is a basis in the record for --- for the Board's conclusion that he could not be --- he could not be adequately supervised in the community. There was a finding and whether he agrees with it or not, it's still a finding supported by the record that he had been in treatment for a long period of time, that there'd been a previous violation of contact with minors. There was a new violation of contact with minors, that he was not progressing in treatment as he should and the conclusion the Board reached is supported by the record.

Respondent's Exhibit 134, p. 14 (emphasis added).

With respect to the evidence relating to petitioner's claim that he suffers from learning disabilities (item 4), he presented such evidence to the Hearing Officer during his informal pre-revocation hearing in May 1999. There, "[h]e expressed frustration over his attempt to participate in his sex offender treatment program realizing that his progress has been hindered by his limited reading and writing skills." Respondent's Exhibit 116, p. 4. This evidence was summarized in a report and considered by the Board when it decided to revoke petitioner's parole and extend his release date. Respondent's Exhibits 112 & 113.

All of the evidence petitioner presents here to support his claim of actual innocence was previously offered and presented to the habeas trial court and/or the Board. Consequently, petitioner

has not offered any new evidence of his innocence and is therefore not entitled to pass through <u>Schlup</u>'s gateway of actual innocence.

## **CONCLUSION**

For these reasons, the Amended Petition for Writ of Habeas Corpus (Attachment to #39) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this <u>30th</u> day of January, 2006.

                         <u>/s/ Robert E. Jones</u>
                         Robert E. Jones
                         United States District Judge